## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES HOUSER,

          Appellant,

        v.

DEPARTMENT OF HOMELAND
   SECURITY,

          Agency.

DOCKET NUMBER
NY-3443-15-0059-I-1

DATE: June 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles Houser</u>, Charles Town, West Virginia, pro se.

<u>Jill M. Skretny</u>, Esquire, Buffalo, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his former agency's debt collection action for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a retired federal employee, filed an appeal alleging that his former agency erroneously asserted that he had an overpayment and that the National Finance Center was attempting to collect the debt "with the US treasury who has imposed penalties bringing the erroneous amount to $9,797.65." Initial Appeal File (IAF), Tab 1 at 5. The appellant argued that he does not owe his former agency any money and that the agency actually owes him money "due to obstruction of [Office of Workers' Compensation Programs (OWCP)] benefits for which [he has] an accepted claim." *Id.* The appellant also mentioned that he has another appeal before the Board.[2] *Id.*

¶3 The administrative judge set forth the applicable jurisdictional criteria and informed the appellant that his appeal raised an issue of jurisdiction because he did not claim that the Office of Personnel Management (OPM) was involved in

---

[2] The appellant filed an involuntary resignation appeal and the administrative judge dismissed that appeal at the appellant's request, without prejudice to refiling. *See* MSPB Docket No. NY-0752-14-0224-I-1, Initial Decision (Jan. 12, 2015). The appellant refiled his appeal on April 1, 2014, and the administrative judge suspended case processing on May 5, 2015, with processing set to have resumed on June 4, 2015. *See* MSPB Docket No. NY-0752-14-0224-I-2, Refiled Appeal File (RAF), Tabs 1, 7.

collecting the debt. IAF, Tab 3 at 1-2. The administrative judge ordered the appellant to file evidence and argument to meet his burden of proving that the Board has jurisdiction over his appeal. *Id.* The appellant failed to respond to the order. *Id.* at 2. The agency argued that the appellant appeared to be disputing an OWCP matter, which is "solely within the purview of the Department of Labor (DOL)," and that the appellant failed to submit any evidence establishing the Board's jurisdiction. IAF, Tab 8 at 10, 13.

¶4    The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID). The administrative judge found that, pursuant to 5 U.S.C. § 8128(b), the Secretary of Labor has exclusive jurisdiction to review the appellant's entitlement to, or any unresolved claims for, OWCP benefits. ID at 3. The administrative judge further found that, although the Board can review certain OPM determinations in retirement-related matters, including whether OPM complied with its own regulations for collecting overpayment debts by administrative offset against money due to the debtor from the Federal Employees' Retirement System, the appellant did not claim any involvement by OPM. ID at 4-5.

¶5    The appellant has filed a petition for review of the initial decision reasserting the arguments he made on appeal and claiming, for the first time on review, that OPM was involved in the collection action. Petition for Review (PFR) File, Tab 1 at 6. The agency has filed a response in opposition to his petition, and the appellant has replied. PFR File, Tabs 2, 4.

¶6    No law, rule, or regulation grants the Board jurisdiction over a debt-collection action, except in the context of the recovery of an overpayment in retirement benefits by OPM or if the issue is integral to the disposition of an underlying appealable action. *See Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 5 (2010). The appellant's arguments concerning the merits of the alleged collection action present no basis for finding jurisdiction over his appeal. For the first time on review, the appellant alleges "OPM has the [Internal Revenue

Service (IRS)] collecting this erroneous debt" and the IRS confiscated over $1900 of his tax return money. PFR File, Tab 1 at 6. Although the appellant submits various documents on review in support of his petition, there is no evidence that OPM issued a final appealable decision affecting his retirement benefits or that the disputed debt collection action is within the Board's jurisdiction.[3] *See id.* at 8-12. We therefore deny the petition for review.[4]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[3] The documents that the appellant submitted with his petition for review consisted of: bills that he received from the agency regarding a workers' compensation benefits overpayment; part of a letter he received from DOL concerning his workers' compensation claim; a letter from the agency denying the appellant's request for reinstatement; and a letter from OPM stating the amount of the appellant's interim annuity payment. PFR File, Tab 1 at 8-12. The appellant does not explicitly address his failure to submit this evidence on appeal or his failure to respond to the show cause order on jurisdiction. However, the appellant states that his pro se status, combined with health and financial issues, prevented him from processing his appeal properly. *Id*. at 4.

[4] The appellant also argues, for the first time on review, that the agency failed to restore or reinstate him to duty or to provide him with reasonable accommodation, although he does not fully explain the basis for these claims. PFR File, Tab 1 at 4. An appellant may appeal an alleged denial of restoration to the Board if he can prove that his claim meets the applicable jurisdictional criteria. Here, however, the appellant did not raise a restoration claim on appeal. Accordingly, the administrative judge in this appeal had no opportunity to consider it, and we will not consider it on review. *See* 5 C.F.R. § 1201.115(d). We note, however, that the appellant appears to have raised these claims in his recently refiled involuntary retirement appeal, which is pending adjudication by another administrative judge. RAF, Tab 5 at 3, Tab 6 at 4-6. Although the appellant asked the Board to join his refiled appeal with the underlying debt collection appeal because he believes they "may have similarities," we deny his request because doing so would not expedite the processing of these cases. PFR File, Tab 1 at 1; *see* 5 C.F.R. § 1201.36(a)(2), (b)(1).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                                                              The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                            _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.